

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00304-CV

Jay Marc **HARRIS**,
Appellant

v.

**FIESTA TEXAS, INC.** d/b/a Six Flags-Fiesta Texas, and Six Flags Corporation,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-08096
Honorable Richard Price, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  January 7, 2015

AFFIRMED

Jay Marc Harris appeals the trial court's orders granting summary judgment in favor of the appellees, Fiesta Texas, Inc. d/b/a Six Flags-Fiesta Texas, and Six Flags Corporation ("Six Flags"). Harris contends the trial court erred in granting summary judgment because: (1) he presented evidence to support his discrimination claims; and (2) his claims are not barred by limitations. Holding that Harris's claims are barred by limitations, we affirm the trial court's judgment.[1]

---

[1] We do not address Harris's evidentiary issue because its resolution is not necessary to the final disposition of this appeal.  *See* TEX. R. APP. P. 47.1

## BACKGROUND

Harris was a frequent visitor to Six Flags amusement parks. On June 19, 2006, Harris was visiting the Six Flags park in San Antonio, Texas when he engaged in the following behaviors: (1) stopping multiple supervisors in an effort to obtain an escort/photographer to accompany him around the park; (2) commenting to a female supervisor that he could not touch her while they were being photographed because he was saving himself for marriage; and (3) approaching three mothers and requesting that their young children be allowed to ride with him while the mothers took their pictures. All three mothers complained to security. As a result of these actions, which Six Flags considered to be disruptive or disorderly conduct, Harris was issued a lifetime criminal trespass warning, banning him from Six Flags parks.

On May 16, 2011, Harris sued Six Flags. In his sixth amended petition, Harris alleged that Six Flags discriminated against him based on his gender and religion in imposing the lifetime ban. Six Flags filed both a traditional and no-evidence motion for summary judgment asserting Harris had no evidence to support his discrimination claims and that the claims were barred by limitations. In an effort to support his claims, Harris responded attaching various depositions and other evidence and asserted that the "discrimination is of a continuing nature" and Six Flags commits "a new and independent act of discrimination" each day Harris is denied admittance to the parks. The trial court granted both of Six Flags' motions and ordered that Harris "take nothing by way of this lawsuit." Harris appeals.

## STATUTE OF LIMITATIONS

"Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that

defense, including the accrual date of the cause of action." *Id.* "When reviewing a summary judgment, we take as true all competent evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

In his sixth amended petition, Harris sought damages for mental anguish and damage to his reputation; accordingly, his claims are governed by the two year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West Supp. 2014) (establishing two-year limitations period for personal injury). In this case, Six Flags banned Harris from its parks in June of 2006, and Harris did not file his lawsuit until almost five years after the ban was issued.

In response to Six Flags' limitations defense, Harris responded that his claim arose from a "continuing violation" of his rights, with each day he was banned from the parks being "a new and independent act of discrimination." In his brief, Harris cites two cases in support of this contention. In the first case, the appellate court referred to the appellants' ability to "file a new charge with the EEOC based upon on-going discrimination" in summarizing one of the arguments being made on appeal; however, the appellate court never addressed the reference to "on-going discrimination" in the context of the application of a statute of limitations. *See Cornyn v. Speiser, Krause, Madole, Mendelsohn & Jackson*, 966 S.W.2d 645, 647 (Tex. App.—San Antonio 1998, pet. denied).

In the second case, an employee sued her employer for sexual harassment, and the appellate court was addressing whether it could consider evidence of events outside the relevant limitations period to determine whether the employer knew or should have known that a hostile work environment for women existed. *Soto v. El Paso Natural Gas Co.*, 942 S.W.2d 671, 676-77 (Tex. App.—El Paso 1997, writ denied). The court noted, however, that incidents occurring more than two years before the employee filed the lawsuit were barred by limitations and could not be considered as a "basis for legal redress," but only as evidence of the "ongoing conditions existing in the workplace." *Id.* at 577.

Although the cases cited by Harris do not support his contention that each day he was excluded from the parks was an independent act of discrimination giving rise to a new claim for limitations purposes, it appears that Harris is seeking to rely on the legal principle of a "continuing violation" that arises in the employment context when an employee asserts a claim of discrimination.

The continuing violation doctrine has been described by one Texas court as follows:

> Under the continuing-violation doctrine, a plaintiff is relieved of establishing that all of the alleged discriminatory conduct occurred within the actionable period if the plaintiff can show a series of related acts, one or more of which falls within the limitations period. The goal of the continuing-violation doctrine is to accommodate plaintiffs who can show that there has been a pattern or policy of discrimination continuing from outside the limitations period into the statutory limitations period, so that all of the discriminated acts committed as part of this pattern or policy can be considered timely. For example, because a hostile-work-environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice, it does not matter for the purposes of the statute of limitations that some of the component acts of the hostile work environment fall outside the statutory time period. The charge will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period. Discrete discriminatory acts such as termination, failure to promote, denial of transfer, or refusal to hire are not actionable if time barred, even when they are related to acts alleged in timely filed charges.

*Hunicke v. Seafarers Int'l Union*, No. 14-12-00199-CV, 2013 WL 2444634, at *7 (Tex. App.—Houston [14th Dist.] June 4, 2013, pet. denied) (internal citation omitted) (mem. op.).

In this case, Harris alleges discrimination based on his lifetime ban. The lifetime ban, however, was a discrete act that occurred almost five years before Harris filed the underlying lawsuit. Harris appears to be arguing that because the ban is still in place, the discriminatory act is on-going. Where a discrete event occurs that "should have alerted the average lay person to act to protect his rights," however, the "mere perpetuation of the *effects* of time-barred discrimination" is not a continuing violation. *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1561 (5th Cir. 1985) (internal citations omitted) (emphasis in original).

The United States Supreme Court's decision in *Delaware State College v. Ricks*, 449 U.S. 250 (1980), demonstrates this distinction. In *Ricks*, a tenure committee recommended that Columbus Ricks, a college professor, not receive tenure in February of 1973, and the college formally voted to deny Ricks tenure in March of 1974. 449 U.S. at 252. Ricks filed a grievance to challenge the decision. *Id*. While the grievance was pending, in June of 1974, the college offered Ricks a "terminal" contract that allowed him to teach at the college one more year. *Id*. at 252-53. Ricks accepted the contract pursuant to which his employment would expire in June of 1975. *Id*. at 253-54. Ricks's grievance was subsequently denied. *Id*. at 254.

Ricks eventually filed a lawsuit in September of 1977, alleging the college had discriminated against him on the basis of his national origin. *Id*. In holding that limitations barred his claim, the United States Supreme Court concluded:

> In sum, the only alleged discrimination occurred–and the filing limitations periods therefore commenced–at the time the tenure decision was made and communicated to Ricks. That is so even though one of the effects of the denial of tenure–the eventual loss of a teaching position–did not occur until later. The Court of Appeals for the Ninth Circuit correctly held, in a similar tenure case, that "[t]he proper focus is upon the time of the *discriminatory* acts, not upon the time at which the *consequences* of the acts became most painful." *Abramson v. University of Hawaii*, 594 F.2d 202, 209 (1979) (emphasis added); *see United Air Lines, Inc. v. Evans*, 431 U.S., at 558, 97 S.Ct., at 1889. It is simply insufficient for Ricks to allege that his termination "gives present effect to the past illegal act and therefore perpetuates the consequences of forbidden discrimination." *Id*. at 557, 97 S.Ct. at 1888. The emphasis is not upon the effects of earlier employment decisions; rather, it "is [upon] whether any present *violation* exists." *Id*. at 558, 97 S.Ct. at 1889 (emphasis in original).

*Id*. at 258.

Assuming, without deciding, that the continuing violation doctrine applies to the circumstances of this case, Harris's lifetime ban was a discrete act; therefore, his claim accrued on the date the ban was imposed. Although the ban prevents Harris from entering parks on a daily basis, this is simply an *effect* of the lifetime ban. Moreover, although Six Flags has denied Harris's

attempts to lift the ban which may have caused Harris additional mental anguish, the proper focus is on the date on which the ban was imposed, "not upon the time at which the consequences of the acts became [more] painful." *Id.*

## CONCLUSION

Because Harris's claims are barred by limitations, the trial court's judgment is affirmed.

Patricia O. Alvarez, Justice